UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEONARD JAMES FISHERMAN, JR., | Case No. 16-cv-2594-DSD-KMM |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner Leonard James Fisherman, Jr., has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state court conviction for first degree assault, arguing that the court did not have jurisdiction over him. For the reasons set forth below, this Court recommends that Mr. Fisherman's petition be dismissed.

I.  **Procedural History**

In 2014, following a jury trial, Mr. Fisherman was convicted of first degree assault and sentenced to 98 months in custody. The charges stemmed from an incident in 2012, when Mr. Fisherman assaulted another inmate while incarcerated at the Minnesota Correctional Facility in St. Cloud.

Mr. Fisherman initiated this action by submitting a "statement of facts of false imprisonment & [ineffective assistance of counsel] claims." ECF No. 1. This Court *sua sponte* raised two concerns with the document. First, it was unclear whether Mr.

Fisherman was attempting to seek habeas corpus relief or to raise some other sort of claim. Second, if it was intended to be a habeas petition, Mr. Fisherman's submission did not substantially comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. This Court therefore directed Mr. Fisherman to clarify whether he intended to seek habeas corpus relief and, if so, ordered that Mr. Fisherman submit an amended habeas petition that substantially conformed with the Court's standard document for such petitions. *See* ECF No. 8.

Mr. Fisherman has since affirmed that he does in fact seek habeas corpus relief from a conviction and sentence incurred in the Minnesota state courts. *See* ECF No. 9. Mr. Fisherman has also submitted an amended habeas petition, as directed, that not only complies with the local rules but that utilizes the proper form. *See* ECF No. 9-1 at 3-17. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Mr. Fisherman's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and recommends dismissal of Mr. Fisherman's amended habeas corpus petition.

## II. Legal Analysis: A Challenge to Jurisdiction

Mr. Fisherman's amended habeas corpus petition raises a single claim for relief: that the state trial court did not have personal jurisdiction over him because, he alleges, he is not a citizen of the United States.[1] *See* Am. Petition at 7, ECF No. 9-1.

The Minnesota Court of Appeals brusquely disposed of this claim on direct review:

> We first address a jurisdictional argument that Fisherman makes only in his pro se supplemental brief. Fisherman argues that he is a "sovereign citizen," exempt from the laws of Minnesota, and that the district court lacked jurisdiction over his prosecution. We have considered this argument to the full extent that it merits consideration. The "sovereign citizen" jurisdictional defense has "no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990). The district court had jurisdiction to try Fisherman because his criminal act occurred within Minnesota. *See* Minn. Stat. § 609.025(1).

*State v. Fisherman*, No. A14-1591, 2015 WL 5511390, at *2 (Minn. Ct. App. Sept. 21, 2015). The claim was likewise considered and quickly rejected when raised on post-conviction review in the state courts. *See Fisherman v. State*, No. A15-1903, 2016 WL 3961939, at *3 (Minn. Ct. App. July 26, 2016).

---

[1] Mr. Fisherman's initial submission referenced a variety of claims relating to two separate criminal convictions in Minnesota court, but the amended habeas petition, Mr. Fisherman's memorandum in support of that amended petition, and Mr. Fisherman's letter to the Court filed along with the amended petition and memorandum all clearly confirm that Mr. Fisherman is raising a single claim for relief. *See* ECF Nos. 9 & 9-1.

Unfortunately, Mr. Fisherman's challenge fares no better in federal court for two reasons. As an initial matter, Mr. Fisherman's claim is primarily one of state law, not federal law. Minnesota statutes define the jurisdictional limits of the Minnesota courts, and this Court "lack[s] authority to review the Minnesota state courts' interpretation and application of state law . . . ." *Evenstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). "The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts." *Orlando v. Smith*, No. 13-15203, 2014 WL 555182, at *2 (E.D. Mich. Feb. 12, 2014).

Mr. Fisherman suggests that by overstepping its jurisdictional boundaries, a state court may infringe upon a petitioner's federal due process rights, forming the basis of a cognizable federal habeas corpus claim. *See* Am. Petition at 23. Assuming that this is true — and assuming that Mr. Fisherman fairly presented such a federal due process claim to the state courts, *see* 28 U.S.C. § 2254(b) — the argument nonetheless fails in Mr. Fisherman's case. Minnesota law provides that "[a] person may be convicted and sentenced under the law of this state if the person . . . commits an offense in whole or in part within this state." Minn. Stat. § 609.025(1). There is no dispute that the offense for which Mr. Fisherman was convicted transpired wholly within the State of Minnesota.

Second, Mr. Fisherman's contention that he is not a citizen of the United States, even if true, does not undermine the state courts' jurisdiction to try him for the 2012 assault. Under § 609.025, Mr. Fisherman need not be a U.S. citizen to be convicted of a crime in the Minnesota courts. Although Mr. Fisherman argues that he is a "sovereign Christian man," Am. Petition at 24, and therefore not subject to the state court's jurisdiction, neither state nor federal courts have credited the "sovereign citizen" challenges to jurisdiction raised by Mr. Fisherman. The Minnesota Court of Appeals did not err when it stated that "[t]he 'sovereign citizen' jurisdictional defense has 'no conceivable validity in American law.'" *See, e.g.*, *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (dismissing as "completely without merit" and "patently frivolous" similar arguments challenging jurisdiction, and collecting cases); *United States v. Hart*, 701 F.2d 749 (8th Cir. 1983) (describing as frivolous similar arguments and imposing financial sanctions on appellant for raising them). The Minnesota courts' correct application of a straightforward jurisdictional statute did not infringe upon Mr. Fisherman's federal due process rights.

It is therefore recommended that Mr. Fisherman's habeas petition be denied.

### III. Certificate of Appealability: No Debatable Claim

Finally, the Court recommends against the issuance of a certificate of appealability. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C.

§ 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The lone claim raised in Mr. Fisherman's amended petition is without merit. Mr. Fisherman has not identified, and this Court cannot discern, anything novel or complex in his jurisdictional challenge that warrants appellate review. It is therefore recommended that Mr. Fisherman should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The amended petition for a writ of habeas corpus of petitioner Leonard James Fisherman, Jr. [ECF No. 9-1] be DENIED.

2. This action be DISMISSED.

3. Mr. Fisherman's application to proceed *in forma pauperis* [ECF No. 2] be DENIED AS MOOT.

4. No certificate of appealability be granted.

Dated: November 11, 2016          *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States Magistrate Judge

# **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.